1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFORMANCE CHEVROLET, INC., | Case No. 2:14-cv-02738-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| ADP DEALER SERVICES, INC., | |
| Defendant. | |

The matter is before the Court on Defendant ADP Dealer Services, Inc.'s ("Defendant") motion to transfer this action to the United States District Court for the District of New Jersey, Newark Division. (ECF No. 17.)  Plaintiff Performance Chevrolet, Inc. ("Plaintiff") has opposed the motion. (ECF No. 23.)  For the reasons discussed below, the motion to transfer venue is GRANTED.

**I.     Background**

On November 21, 2014, Plaintiff filed a complaint in this Court.  (ECF No. 1.)  The complaint brought two claims, breach of contract and declaratory relief, both arising out of a Master Services Agreement (the "Agreement") executed by the parties.  In summary, the Agreement concerned specialized computer software designed for car dealerships, equipment, and related support and maintenance services to be provided to Plaintiff by Defendant.

On January 7, 2015, Defendant filed an answer raising the defense of improper venue

1

based on a forum-selection clause in the parties' agreement requiring this action to be brought in New Jersey. (ECF No. 8.) Defendants also counterclaimed for breach of contract and, in the alternative, common counts arising out of the Agreement. (ECF No. 9.) Specifically, the forum selection clause stated:

> This Agreement shall be governed in all respects by the laws of the State of New Jersey, without giving effect to principles of conflicts of laws. Client hereby consents to the jurisdiction of any federal or state court located in the State of New Jersey for all actions arising out of this Agreement and designates the County of Morris or the U.S. District Court, District of New Jersey, Newark, New Jersey, as a proper venue for any action against the Client and the exclusive forum for any action against ADP.

(ECF No. 18 at 3.)

On January 26, 2015, Plaintiff filed a first amended complaint for breach of contract, declaratory relief, and rescission. (ECF No. 10.)

On February 12, 2015, Defendant filed the instant motion to transfer venue in this Court, arguing that the forum-selection clause requires transfer to the New Jersey District Court, Newark Division is the exclusive forum for any action against Defendant. (ECF No. 17.)

On March 4, 2015, Plaintiff filed an opposition to Defendant's motion to transfer venue. (ECF No. 23.) On March 10, 2015, Defendant filed a reply to the opposition. (ECF No. 24.)

## II.     **Applicable Law: Transfer of Venue**

A motion to transfer is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Ordinarily, a number of factors may be considered when analyzing § 1404(a).[1] However, "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

---

[1] For example: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (footnotes omitted).

2

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (footnote omitted).

A forum-selection clause is prima facie valid and should not be set aside unless the party challenging enforcement of the provision can show it is unreasonable under the circumstances. A forum selection clause is unreasonable if: (1) its incorporation into the contract was the "result of fraud, undue influence, or overweening bargaining power;" (2) the selected forum is so inconvenient that "the complaining party will for all practical purposes be deprived of its day in court;" or (3) "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 15, 18 (1972)) (internal quotation marks omitted).

Where the forum selection clause is found to be valid, the Court must adjust its usual § 1404(a) analysis as follows:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . .
>
> Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. . . . As a consequence, a district court may consider arguments about public-interest factors only. . ..
>
> Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.

*Atl. Marine*, 134 S. Ct. at 580-82.

3

### III. **Analysis**

The Court looks first to whether the forum-selection clause is prima facie valid, as analyzed under the three exceptions stated in *Argueta*, 87 F.3d at 325. Plaintiff does not allege that the clause was the result of fraud, undue influence, or overweening bargaining power. Therefore, the forum-selection clause is not invalidated by exception (1). Plaintiff argues that trial in New Jersey will be more expensive and less convenient for both parties. All but one of Plaintiff's expected witnesses reside in California, and none reside in New Jersey. Plaintiff states that transferring venue would increase travel and lodging costs for the parties and non-party witnesses, as well as litigation expenses associated with retaining New Jersey legal representation. In addition, Plaintiff states that the relative ease of accessing critical evidence militates in favor of venue in Sacramento because transporting computer hardware evidence to New Jersey would be "expensive and risky." (Decl. of John McMichael, ECF No. 23-1 at 8.) However, Plaintiff has the burden of proving that the difficulty and inconvenience associated with transfer is so severe that it would effectively deprive Plaintiff of its day in court, and the aforementioned allegations do not rise to this level. *Bremen*, 407 U.S. at 18. Therefore, the forum-selection clause is not invalidated by exception (2).

As to exception (3), Plaintiff argues that public policy favors resolving this dispute in Sacramento, the site of all the events and transactions giving rise to this dispute. Plaintiff states that since no party is incorporated or has its current principal place of business in New Jersey, the state of New Jersey has no connection with or interest in this dispute.[2] (ECF No. 23 at 6.) However, both California and New Jersey appear to have similar laws regarding the presumption in favor of enforcing valid forum selection clauses, and giving force to these laws favors transfer to New Jersey equally as does retaining the matter in California. *See Smith v. Superior Court,* 17 Cal. 3d 491, 496 (1976) ("forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable"); *Karnazes v. Expedia, Inc.,* No. B250142, 2014 WL 6696279, at *2 (Cal. Ct. App.

---

[2] ADP indicates that at the time of entry into the Agreement, its principal place of business was in New Jersey, but currently it is in Illinois. (ECF No. 8 ¶ 27.)

4

Nov. 26, 2014) ("The party opposing enforcement of a forum selection clause bears the burden of proving that its enforcement would be unreasonable"); *Caspi v. Microsoft Network, L.L.C.*, 323 N. J. Super. 118, 123 (App. Div. 1999) ("as a general matter, enforcement of forum selection clauses is not contrary to public policy"), *cert. denied,* 162 N.J. 199 (1999); *Delage Landen Fin. Servs., Inc. v. Leighton K. Lee Law Office*, No. A-3148-10T2, 2011 WL 6304226, at *5 (N.J. Super. Ct. App. Div. Dec. 19, 2011) ("the parties challenging the enforceability of a forum selection clause . . . bear the burden of establishing a basis for disregarding the provisions [of the contract]"). *See also Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1105 (S.D. Cal. 2006) (reasoning that both California and Washington used the same rule to enforce forum selection clauses and thus transfer to Washington was not averse to public policy concerns).[3]

Plaintiff also argues that the Agreement is contrary to the public policy set forth in Cal. Civ. Code § 1717(a), which provides that "[a]ttorney's fees … shall not be subject to waiver by the parties to any contract...." According to Plaintiff, the Agreement mandates that only ADP may recover attorneys' fees. (ECF No. 23 at 6.) However, Plaintiff identifies no authorities finding § 1717(a) to carry such strong public policy weight that it must override a forum selection clause. Further, an attorney's fees provision in the Agreement that may violate California law is more relevant to a choice of law analysis, rather than the venue analysis done for a motion to transfer. *See Swenson*, 415 F. Supp. 2d at 1105; *Voicemail Club, Inc.,* 2012 WL 4837697 at *4. Therefore, the forum-selection clause is not invalidated by exception (3). Having established no basis for any of the aforementioned exceptions, the Court finds the forum-selection clause in the Agreement is valid and will not be set aside.

---

[3] *See also Voicemail Club, Inc. v. Enhanced Services Billing, Inc.*, No. C 12-02189 SI, 2012 WL 4837697, at *4 (N.D. Cal. Oct. 10, 2012) ("In the context of [a] motion [to transfer venue], the Court only examines public policy as it relates to venue.") Despite this, the Court is unaware of any Ninth Circuit authority holding that public policy concerns be tied to a similarity of the transferor and transferee states' views on the enforceability of forum selection clauses, and that the analysis may end if there is such similarity. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (2009) (citing *Bremen*, 407 U.S. at 15) (emphasis in original) ("[W]e will determine a forum selection clause is unenforceable 'if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute *or by judicial decision*.'") The *Doe 1* Court relied upon such a judicial decision in *AOL v. Mendoza*, 90 Cal. App. 4th 1, 108 (2001), which found that a California public policy against consumer class action waivers and waivers of consumer rights under the California Consumer Legal Remedies Act was sufficient to render a forum selection clause unenforceable. *Doe 1*, 552 F. 3d at 1084.

5

The presence of a valid forum-selection clause requires this Court to adjust the typical § 1404(a) analysis in accordance with *Atl. Marine*, 134 S.Ct. at 580. First, Plaintiff's choice of forum merits no weight. By contractually agreeing to a specified forum, Plaintiff effectively exercised its venue privilege before the dispute arose. "Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 582.

Second, in evaluating a defendant's §1404(a) motion based on a forum-selection clause, this Court may not consider arguments about the parties' private interests. Plaintiff argues that enforcement of the clause would be costly and inconvenient for both parties, especially witnesses. However, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses. . . . As a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 582. Therefore, Plaintiff's arguments regarding convenience of witnesses are unavailing and will not be considered.

Finally, as to public interest considerations, factors that the Court may consider include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gilbert*, 330 U.S. at 508-09).

This Court is congested, which weighs in favor of transfer.[4] "The local interest in having localized controversies decided at home" weighs in Plaintiff's favor, as the relevant events giving rise to this dispute occurred in Sacramento. The interest in having this diversity case tried in a forum that is "at home with the law that must govern the action" weighs in favor of transfer because the subject agreement is governed by New Jersey law, per the parties' choice of law provision that is included with the forum selection clause. (*See* ECF No. 18 at 3: "This

---

[4] This Court takes judicial notice that the Eastern District of California carries among the highest caseloads in the nation.

Agreement shall be governed in all respects by the laws of the State of New Jersey ….") Plaintiff has identified an attorney's fees provision in the Agreement that conflicts with California law, and which Plaintiff asserts does not violate New Jersey law. However, except for this provision, there are not "unnecessary problems with the conflict of laws" apparent, and thus this factor is neutral with respect to transfer. *Piper Aircraft Co.*, 454 U.S. at 241 n. 6. Lastly, the unfairness of burdening New Jersey citizens with jury duty for this matter weighs slightly in Plaintiff's favor, because Defendant's current principal place of business is no longer in New Jersey, and both Plaintiff and the events giving rise to this litigation occurred in this District.

On balance, although some public-interest factors weigh in Plaintiff's favor, these factors do not overcome the "controlling weight" afforded to a valid forum-selection clause. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) (quoting *Stewart Org.*, 487 U.S. at 40). Given a valid forum selection clause, "[o]nly under extraordinary circumstances … should a § 1404(a) motion be denied." *Atl. Marine*, 134 S.Ct. at 581.

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion to transfer venue (ECF No. 17) is GRANTED. The case is hereby transferred to the United States District Court for the District of New Jersey, Newark Division.

Dated:  June 18, 2015

Troy L. Nunley
United States District Judge

7